DA FA YE, Petitioner,

v.

Michael B. MUKASEY [1], Attorney General, Respondent.

No. 06–5240–ag.

United States Court of Appeals, Second Circuit.

Feb. 27, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

Daniel K.Y. Fong, Monterey Park, CA, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Erica B. Miles, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. REENA RAGGI, Hon. RICHARD C. WESLEY and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Da Fa Ye, a native and citizen of the People's Republic of China, seeks review of an October 23, 2006 order of the BIA affirming the December 6, 2004 decision of Immigration Judge ("IJ") William F. Jankun denying Ye's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Da Fa Ye*, No. A 79 683 188 (B.I.A. Oct. 23, 2006), *aff'g* No. A 79 683 188 (Immig. Ct. N.Y. City Dec. 6, 2004). We assume the parties' familiarity

with the underlying facts and procedural history in this case.

When the BIA adopts and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). *See, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. United States Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (*en banc*). However, we review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Under 8 U.S.C. § 1252(d)(1), this Court "may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." This jurisdictional rule is absolute and requires that an alien appeal to the BIA before filing a petition for review, *see Theodoropoulos v. INS,* 358 F.3d 162, 169–71 (2d Cir.2004), and that on appeal to the BIA, he or she raise each category of relief subsequently raised in this Court, *see Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006). Here, as the BIA noted, Ye withdrew his application for asylum before the IJ and failed to challenge the IJ's denial of CAT relief in his appeal to the BIA. In addition, while appealing the IJ's decision to the BIA, Ye failed to assert a claim based on his illegal departure. Accordingly, this Court lacks jurisdiction to consider either a challenge to the agency's denial of asylum and CAT relief or any claim based on illegal departure. *See* 8 U.S.C. § 1252(d)(1). Accordingly, the only issue that we may review is whether the

agency properly denied Ye's application for withholding of removal. We conclude that it did.

Under *Shi Liang Lin,* Ye is not *per se* eligible for relief under INA § 601(a) based on his fiancée's forced abortion, because "applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." 494 F.3d at 308. Ye does not assert that he will be subject to sterilization upon return to China, but instead asserts that the imposition of a 15,000 RMB fine upon him and his fiancée for a pregnancy without a marriage license constitutes past persecution due to his resistance to China's family planning policy.

Substantial evidence supports the agency's finding that Ye failed to demonstrate that he suffered or would suffer persecution. The agency found that the fine did not constitute persecution where Ye did not assert that he was harmed in any other manner after his alleged resistance. Nothing in the record compels us to conclude, contrary to the agency, that the fine constituted persecution. *See Matter of T–Z–,* 24 I. & N. Dec. 163, 170–72 (B.I.A. 2007) (concluding that economic deprivation could qualify as persecution if so "severe" as to "constitute a threat to [an alien's] life or freedom"). Therefore, the agency properly denied withholding of removal. *See* 8 C.F.R. § 1208.16(b).

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate

Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).